UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ANDRE BROWN,

               Plaintiff,

  -against

CITY OF NEW YORK, POLICE OFFICER NICHOLAS DIETZ AND UNIDENTIFIED POLICE OFFICERS,

               Defendants.

**COMPLAINT**

Docket: 21-2071

JURY TRIAL DEMANDED

      The Plaintiff, Andre Brown, complaining of the defendants through his attorneys Seymour W. James, Jr. and Alexander Klein, Esq., of Barket Epstein Kearon Aldea & LoTurco, LLP, respectfully shows to this Court and alleges that he was deprived of his civil rights and sustained injury as a result of this deprivation.

## **INTRODUCTION**

      1.     This case involves the false arrest and detention of a 34 year-old man placed under arrest for violating an order of protection which had been vacated over one month before the instant arrest. The police officers who effectuated the arrest neglected to determine whether there was a valid order of protection in existence prior to arresting Mr. Brown

      2.     Andre Brown brings the present action seeking compensation for the damages he sustained through this ordeal—damages to compensate him for the suffering he experienced as a result of the arrest as well as the loss of wages he suffered when he lost his job because of his detention.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as claims in this action arise under 42 U.S.C. § 1983.

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claims arose, and in which the Defendants resided or conducted business.

## PARTIES

5. Plaintiff, Andre Brown, is a resident of Queens County, New York, and was the subject of a false arrest in violation of the 4th and 14th Amendments to the U.S. Constitution.

6. Defendant City of New York is a municipal entity in the State of New York, home to the New York City Police Department, and was the employer of all individually named defendants in this action, all of whom were acting in the scope of their employment at all relevant times.

7. Defendant Nicholas Dietz was at all relevant times a Police Officer in the New York City Police Department acting under color of state law. He is sued here in his personal capacity.

8. Defendants Unidentified Police Officers were at all relevant times Police Officers in the New York City Police Department acting under color of state law. They are sued here in their personal capacities.

## STATEMENT OF FACTS

9. On September 9, 2019, Andre Brown appeared for a visit with his parole officer at 92-36 Merrick Boulevard, Jamaica, New York 11433.

10. While visiting with his parole officer, Mr. Brown was arrested by Police Officer Nicholas Dietz and an unidentified police officer.

11. Mr. Brown was told by the police officers that he was being arrested for violating an order of protection.

12. Andre Brown had previously been subject to an order of protection obtained by Jaylene Vailes.

13. Jaylene Vailes is Mr. Brown's former girlfriend and the mother of his child.

14. The case for which the order of protection was issued was dismissed in Kings County Criminal Court on July 25, 2019.

15. On July 25, 2019, when the case was dismissed, the order of protection was vacated.

16. Prior to Mr. Brown's arrest, the police officers were aware or should have been aware that the order of protection had been vacated.

17. When Mr. Brown was told why he was being arrested, he informed the arresting officers that the case had been dismissed and the order of protection was no longer in effect.

18. The police officers ignored Mr. Brown's statements.

19. When he was taken to the precinct, Mr. Brown again informed the police that the case had been dismissed and there was no order of protection.

20. As part of the arrest process, Mr. Brown was taken to Queens Central Booking and then Queens Criminal Court for arraignment.

21. Mr. Brown was charged with two counts of Criminal Contempt in the Second Degree and two counts of Harassment in the Second Degree.

22. Because of the arrest, the New York State Department of Correction and Community Supervision issued a parole warrant against Mr. Brown.

23. When Mr. Brown was brought before the court for arraignment, his lawyer told the judge and the prosecutor that the underlying charges had been dismissed and the order of protection had been vacated.

24. The case was second-called for the prosecutor to check the status of the prior case.

25. After checking the records, the prosecutor confirmed that the underlying case had been dismissed and that there was no order of protection in effect at the time of Mr. Brown's arrest. As a result, the Queens District Attorney's office dismissed all charges against Mr. Brown.

26. The judge told Mr. Brown that he could not be released because of the parole warrant and Mr. Brown continued to be held in detention. Only after Mr. Brown's attorney contacted the parole office to inform them that the charges had been dismissed was he released from jail.

## FALSE ARREST

27. Plaintiff reiterates and reasserts all prior allegations in this Complaint as if set forth more fully again herein.

28. Defendants Dietz and the Unidentified Police Officers were at all times acting under color of state law and in the scope of their employment.

29. Defendants Dietz and the Unidentified Police Officers intended to arrest Andre Brown and caused him to be confined.

30. Andre Brown was aware of his confinement and did not consent to it.

31. The arrest and confinement of Andre Brown was not supported by probable cause.

32. The arrest and confinement of Andre Brown was not otherwise privileged.

33. Plaintiff Andre Brown suffered substantial damage from the false arrest as set forth below.

## DAMAGES

34. As a consequence of the Defendants' conduct, Andre Brown suffered substantial damages, including loss of liberty, emotional distress, damage to his reputation, attorneys' fees, loss of wages and other pecuniary damages.

35. The Defendants should be held liable not only to compensate Andre Brown for his damages, but also to pay exemplary damages large enough to dissuade such egregious misconduct from taking place again in the future.

36. The Defendants should be liable to pay attorneys' fees associated with this action as per the terms of 42 U.S.C. §1988(b).

**WHEREFORE**, Plaintiff prays for relief as follows:

A. That the Court award compensatory damages to Plaintiff and against the defendants jointly and severally, in an amount to be determined at trial;

B. That the Court award punitive damages to Plaintiff, and against all defendants, in an amount to be determined at trial that will deter such conduct by defendants in the future;

C. That the Court award attorney's fees pursuant to 42 U.S.C. § 1988;

D. For a trial by jury;

E. For a pre-judgment and post-judgment interest and recovery of his costs; and

F. For any and all other relief to which he may be entitled.

Dated: Garden City, New York
April 7, 2021

                                      **BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP**

By: _____
Seymour W. James, Esq.
Alexander R. Klein, Esq.
666 Old County Road, Suite 700
Garden City, N.Y. 11530
(516) 745-1500